TYLER NEWBY (CSB No. 205790)
tnewby@fenwick.com
GARNER KROPP (CSB No. 312585)
gkropp@fenwick.com
JULIAN SARABIA (CSB No. 359295)
jsarabia@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Attorneys for KOKI MASHITA and AEOLUS
LABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMO, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>KOKI MASHITA; AEOLUS LABS, INC.,<br><br>    Defendants. | Case No.: 3:25-cv-05652-YGR<br><br>**ANSWER TO COMPLAINT**<br><br>Judge: Judge Yvonne Gonzalez Rogers<br>Complaint Filed:  July 3, 2025<br><br>**Jury Trial Demanded** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO COMPLAINT

Case No.:  3:25-cv-05652-YGR

Defendants KOKI MASHITA; AEOLUS LABS, INC., ("Defendants") answer Plaintiff ATMO, INC.'s Complaint ("Complaint") as follows:

**GENERAL RESPONSE**

Plaintiff Atmo, Inc. ("Atmo") asserts that Koki Mashita agreed to and breached agreements, including a Consulting Agreement, which Atmo attached as Exhibit B to its Complaint. This agreement includes a term in Section 18 that requires final and binding arbitration of all disputes arising from or relating to that agreement. Atmo acknowledges this and has initiated that arbitration for these claims. By answering, Mr. Mashita does not waive his right to contractual arbitration.

Except as expressly admitted herein, Defendants deny the allegations set forth in the Complaint. Paragraph numbers in this Answer correspond and respond to the allegations in the numbered paragraphs of the Complaint. To the extent allegations in a numbered paragraph of the Complaint purport to cite to, refer to, or characterize allegations in other paragraphs of the Complaint, Defendants incorporate and reassert to each such paragraph as if set forth fully therein. To the extent the paragraphs in the Complaint are grouped under headings, Defendants respond generally that such headings (repeated below only for the ease of reference) state unsupported legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny each heading in the Complaint and incorporate by reference this response in each paragraph below as if fully set forth therein.

**INTRODUCTION**

1. Defendants admit that Mr. Mashita is a Thiel Fellow and has worked in the venture capital industry. Defendants admit that Mr. Mashita volunteered with Atmo from 2022 to 2024 and then co-founded Aeolus. Defendants deny the remaining allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of Atmo's purported forensic review. Defendants deny the remaining allegations in paragraph 3.

FENWICK & WEST LLP
ATTORNEYS AT LAW

4.      Defendants admit that Atmo offers weather forecasting products.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 4 and, on that basis, deny them

5.      Defendants admit that Mr. Mashita signed documents titled "Mutual Nondisclosure Agreement," "Consulting Agreement," and "Confidential Information and Invention Assignment Agreement."  Defendants deny the remaining allegations in paragraph 5.

6.      Defendants admit that Mr. Mashita received an unsigned, draft letter from Atmo in November 2024 with false allegations about his use of Atmo's information.  Defendants admit that Mr. Mashita responded to that letter, a response which speaks for itself.  To the extent a response is required, Defendants deny the remaining allegations.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 and, on that basis, deny them.

7.      Defendants deny the allegations in paragraph 7.

8.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of what the unnamed CEO of an unnamed company told unnamed persons at Atmo, and on that basis deny the allegations of paragraph 8.  Defendants deny the remaining allegations of paragraph 8.

9.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of what Atmo was informed on June 26, 2025, and on that basis, deny those allegations.  Defendants deny the remaining allegations of paragraph 9.

10.      Defendants deny the allegations in paragraph 10.

**THE PARTIES, JURISDICTION, AND VENUE**

11.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 11 and, on that basis, deny them.

12.      Defendants admit that Mr. Mashita worked and volunteered in Berkeley and San Francisco, California and that Mr. Mashita resides in San Francisco, California.

Fenwick & West LLP
Attorneys at Law

13. Defendants admit that Aeolus is a Delaware corporation headquartered in San Francisco, California. Defendants admit that Mr. Mashita and Mr. Lee co-founded Aeolus in 2024.

14. Paragraph 14 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 14 are intended to include factual allegations against Defendants, Defendants deny them.

15. Defendants admit that Mr. Mashita worked for Atmo in this District and is a resident in this district. Defendants admit Mr. Mashita signed documents titled "Mutual Nondisclosure Agreement," "Consulting Agreement," and "Confidential Information and Invention Assignment Agreement." The remaining allegations in Paragraph 15 consist of legal conclusions to which no response is required. To the extent the allegations in paragraph 15 are intended to include factual allegations against Defendants, Defendants deny them.

16. Paragraph 16 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 16 are intended to include factual allegations against Defendants, Defendants deny them.

**FACTS**

17. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 17 and, on that basis, deny them.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 18 and, on that basis, deny them.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 19 and, on that basis, deny them.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 20 and, on that basis, deny them.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 21 and, on that basis, deny them.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 22 and, on that basis, deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

23.   Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 23 and, on that basis, deny them.

24.   Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 24 and, on that basis, deny them.

25.   Defendants admit that the agreement Mr. Mashita signed has terms relating to handling information, and that the agreements speak for themselves.  To the extent a response is required, Defendants deny the remaining allegations.

26.   Defendants admit that the agreements Mr. Mashita signed have terms relating to handling information, and that the agreements speak for themselves.  To the extent a response is required, Defendants deny the remaining allegations.

27.   Defendants admit that the agreements Mr. Mashita signed have terms relating to developing intellectual property, and that the agreements speak for themselves.  To the extent a response is required, Defendants deny the remaining allegations.

28.   Defendants admit that the agreements Mr. Mashita signed have terms relating to handling information, and that the agreements speak for themselves.  To the extent a response is required, Defendants deny the remaining allegations.

29.   Defendants admit that the agreements Mr. Mashita signed have terms relating to handling information, and that the agreements speak for themselves.  To the extent a response is required, Defendants deny the remaining allegations

30.   Defendants admit that the agreements Mr. Mashita signed have terms relating to handling information, and that the agreements speak for themselves.  To the extent a response is required, Defendants deny the remaining allegations.

31.   Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 31 and, on that basis, deny them.

32.   Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 32 and, on that basis, deny them.

33.   Defendants deny the allegations of paragraph 33.

FENWICK & WEST LLP
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO COMPLAINT          5          Case No.:  3:25-cv-05652-YGR

34. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 34 and, on that basis, deny them.

35. Defendants deny the allegations in paragraph 35.

36. Defendants admit that Mr. Mashita was introduced to Mr. Levy in 2022 and expressed interest in working for Atmo. Defendants admit that Mr. Mashita began working for Atmo as an intern in 2022.

37. Defendants admit that Mr. Mashita signed a document titled, "Mutual Non-Disclosure Agreement" and that his work for Atmo involved software engineering. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 37 and, on that basis, deny them.

38. Defendants admit that Mr. Mashita signed document titled, "Consulting Agreement" and CIIA Agreement in 2024. Defendants deny the remaining allegations in paragraph 38.

39. Defendants admit that Mr. Mashita performed software engineering and participated in the US-ASEAN Business Council 2024 Singapore Business Mission for Atmo. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 39 and, on that basis, deny them.

40. Defendants admit that Atmo's employees provided guidance to Mr. Mashita. Defendants deny the remaining allegations in paragraph 40.

41. Defendants admit that Mr. Mashita received his last paycheck from Atmo at the end of August 2024. Defendants deny the allegation that Mr. Mashita's consulting position was over on August 26, 2024. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 41 and, on that basis, deny them.

42. Defendants deny the allegations in paragraph 42.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 43 and, on that basis, deny them.

44. Defendants deny the allegations in paragraph 44.

FENWICK & WEST LLP
ATTORNEYS AT LAW

45.     Defendants admit that they met with Mr. Levy and Mr. Mathé in November 2024 and said they would not use Atmo trade secrets or confidential information, and that they did not plan on developing the same offerings as what Atmo offered at the time.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding Mr. Levy's and Mr. Mathé's responses and motivations, and on that basis, deny them. Defendants deny the remaining allegations in paragraph 45.

46.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 46 and, on that basis, deny them.

47.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 47 and, on that basis, deny them.

48.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding Atmo's review and, on that basis, deny them. Defendants admit that they received a letter from Atmo on November 21, 2024 and that the letter speaks for itself.  To the extent a response is required, Defendants deny the remaining allegations.

49.     Defendants admit that they sent a response to Atmo on November 26, 2024 and that the letter speaks for itself.   To the extent a response is required, Defendants deny the remaining allegations.

50.     Defendants admit that they sent a response to Atmo on November 26, 2024 and that the letter speaks for itself.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding the effect of Mr. Mashita's attorney's letter on Atmo and, on that basis, deny them.  To the extent a response is required, Defendants deny the remaining allegations.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 52 and, on that basis, deny them.

53.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 53, and, on that basis, deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

54. Defendants deny that Aeolus is intensely competing for Atmo customers. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 54, and, on that basis, deny them.

55. Defendants admit that Mr. Mashita spoke with Mr. Doricko in 2025 about Aeolus. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding Mr. Levy's conversations and, on that basis, deny them. Defendants deny the remaining allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57, and, on that basis, deny them.

58. Defendants deny the allegations in paragraph 58.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of what Atmo was informed on June 27, 2025, and, on that basis, deny those allegations. Defendants deny the allegations in paragraph 59.

60. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 60 and, on that basis, denies them.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 63 and, on that basis, deny them.

64. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 64 and, on that basis, deny them.

65. Defendants deny the allegations in paragraph 65.

66. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 66 and, on that basis, deny them.

67. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 67 and, on that basis, deny them

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

68.    Defendants admit that Mr. Mashita sent a response on November 26, 2024 and that the letter speaks for itself.  To the extent a response is required, Defendants deny the remaining allegations.

69.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 69 and, on that basis, deny them.

70.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 70 and, on that basis, deny them.

71.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding the content of the files and, on that basis, deny them. Defendants admit that Mr. Mashita sent a response on November 26, 2024 and that the letter speaks for itself. To the extent a response is required, Defendants deny the remaining allegations.

72.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 72 and, on that basis, deny them.

73.    Defendants deny the allegations in paragraph 73.

74.    Defendants deny the allegations in paragraph 74.

75.    Defendants deny the allegations in paragraph 75.

76.    Defendants deny the allegations in paragraph 76.

77.    Defendants deny the allegations in paragraph 77.

78.    Defendants admit that Mr. Mashita sent a response on November 26, 2024 and that the letter speaks for itself.  To the extent a response is required, Defendants deny the remaining allegations.

79.    Defendants deny the allegations in paragraph 79.

80.    Defendants deny the allegations in paragraph 80.

81.    Defendants deny the allegations in paragraph 81.

82.    Defendants deny the allegations in paragraph 82.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FEDERAL TRADE SECRET MISAPPROPRIATION
**Under the Defend Trade Secrets Act (against all Defendants)**
**18 U.S.C. § 1836, *et seq.***

83. Defendants incorporate by reference and restate their responses to each and every allegation set forth in the foregoing paragraphs of the Complaint.

84. Defendants admit that Mr. Mashita had access to Atmo files during his work with Atmo. Defendants deny the allegation that Mr. Mashita obtained possession of a significant amount of Atmo's business and technical trade secrets.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegation that Atmo trade secrets were misappropriated by Defendants. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 91 and, on that basis, deny them.

92. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 92 and, on that basis, deny them.

93. Paragraph 93 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 93 are intended to include factual allegations against Defendants, Defendants deny them. Defendants deny that Atmo is entitled to any relief..

94. Paragraph 94 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 94 are intended to include factual allegations against Defendants, Defendants deny them. Defendants deny that Atmo is entitled to any relief.

95. Defendants deny the allegations in paragraph 95.

FENWICK & WEST LLP
ATTORNEYS AT LAW

## SECOND CAUSE OF ACTION
### STATE TRADE SECRET MISAPPROPRIATION
**Under the California Uniform Trade Secrets Act (against all Defendants) Cal. Civ. Code §§ 3426, *et seq.***

96. Defendants incorporate by reference and restate their responses to each and every allegation set forth in the foregoing paragraphs of the Complaint.

97. Defendants deny the allegations in paragraph 97.

98. Defendants admit that Mr. Mashita had access to Atmo files during his work with Atmo. Defendants deny the allegation that Mr. Mashita obtained possession of a significant amount of Atmo's business and technical trade secrets.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

101. Defendants deny the allegations in paragraph 101.

102. Defendants deny the allegations in paragraph 102

103. Defendants deny the allegations in paragraph 103.

104. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 104 and, on that basis, deny them.

105. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 105 and, on that basis, deny them.

106. Paragraph 106 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 106 are intended to include factual allegations against Defendants, Defendants deny them. Defendants deny that Atmo is entitled to any relief.

107. Paragraph 107 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 107 are intended to include factual allegations against Defendants, Defendants deny them. Defendants deny that Atmo is entitled to any relief.

108. Defendants deny the allegations in paragraph 108.

## THIRD CAUSE OF ACTION
### BREACH OF CONTRACT (AGAINST MR. MASHITA)

109.    Defendants incorporate by reference and restate their responses to each and every allegation set forth in the foregoing paragraphs of the Complaint.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 111, and, on that basis, deny them.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants deny the allegations in paragraph 113.

### ANSWER TO PRAYER OF RELIEF

Defendants deny that Atmo is entitled to any of the relief requested or to any relief whatsoever.

### GENERAL DENIAL

Except as expressly admitted above, Defendants deny each and every allegations of the Complaint.

### AFFIRMATIVE DEFENSES

Defendants assert the following additional defenses to the Complaint.  In doing so, Defendants do not assume any burden of proof on any issue that is Atmo's burden as a matter of law.  Defendants also reserve the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE:
### (Failure to State a Claim)

The Complaint fails to state facts sufficient to constitute a cause of action or causes of action against Defendants.

### SECOND DEFENSE:
### (No Basis for Injunctive Relief)

Atmo's claims for injunctive relief are barred, in whole or in part, because on information and belief, Atmo has failed to state facts sufficient to provide a legal or factual basis to award injunctive relief against Defendants.

FENWICK & WEST LLP
ATTORNEYS AT LAW

### THIRD DEFENSE:
### (Good Faith)

Atmo's claims are barred, in whole or in part, because Defendants' actions were a just and proper exercise of discretion, undertaken for fair and honest reasons accompanied by good faith under the circumstances then existing for legitimate business reasons.

### FOURTH DEFENSE:
### (Waiver and/or Estoppel)

Atmo's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### FIFTH DEFENSE:
### (Unclean Hands)

Atmo's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH DEFENSE:
### (Failure to Mitigate)

Atmo's claims are barred, in whole or in part, because Atmo has failed, and continues to fail, to act reasonably to mitigate the damages it alleges.

### SEVENTH DEFENSE:
### (Damages Speculative)

Atmo's claims are barred, in whole or in part, because the alleged damages and injury, if any, are purely speculative and impossible to prove or allocate.

### EIGHTH DEFENSE:
### (No Damages)

Atmo's claims are barred, in whole or in part, because Atmo has not suffered any damages or injury.

### NINTH DEFENSE:
### (Unjust Enrichment)

Atmo's claims are barred, in whole or in part, because Atmo would be unjustly enriched if it was permitted to obtain any recovery against Defendants in this action.

### TENTH DEFENSE:
### (Economic Justification / Legitimate Business Purpose / Privilege)

Atmo's claims are barred, in whole or in part, because Defendants acted with a legitimate, competitive business purpose and therefore their actions are protected by an absolute or qualified privilege.

**ELEVENTH DEFENSE:**
**(No Proximate Causation)**

Atmo's claims are barred, in whole or in part, because Atmo's alleged harm was caused by factors unrelated to Defendants, and Atmo cannot establish that Defendants' actions were the proximate cause of its alleged damages.

**TWELFTH DEFENSE:**
**(Laches)**

Atmo waited an unreasonably long time to file this lawsuit and that Defendants' ability to defend the lawsuit has been prejudiced as a result.

**THIRTEENTH DEFENSE:**
**(Lack of Secrecy)**

Atmo's claims are barred, in whole or in part, because Atmo failed to take reasonable measures to protect its alleged trade secrets and confidential information from disclosure and dissemination, or the information is otherwise readily ascertainable by the relevant industry and/or persons who could obtain economic value, if any, from their information.

**FOURTEENTH DEFENSE:**
**(Independent Development)**

Atmo's claims are barred, in whole or in part, because Defendants independently developed technology in questions without using Atmo's confidential information, trade secrets, or intellectual property.

**FIFTEENTH DEFENSE:**
**(Consent or Authorization)**

Atmo's claims are barred, in whole or in part, because Atmo consented to or authorized Defendants' access, handling, and use of any information in question or any other conduct giving rise to Atmo's claims.

**SIXTEENTH DEFENSE:**
**(Limitation of Liability)**

Atmo's claimed relief is barred, in whole or in part, by limitations on liability in agreements between the parties.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**SEVENTEENTH DEFENSE:**
**(No Agreement)**

Atmo's claimed relief is barred, in whole or in part, because the parties did not form any agreement in dispute that Defendants purportedly breached.

**EIGHTEENTH DEFENSE:**
**(Immaterial Breach)**

Atmo's claims are barred, in whole or in part, because any alleged breach of contract by Defendants was immaterial.

**NINTEENTH DEFENSE:**
**(Excuse)**

Atmo's claims are barred, in whole or in part, because Atmo's prior acts and/or omissions excused Defendants' subsequent performance.

**TWENTIETH DEFENSE:**
**(Failure to Identify Valid Trade Secrets)**

Atmo's claims are barred, in whole or in part, because has Atmo failed to identify and describe any valid trade secrets with sufficient particularity.

**TWENTY-FIRST DEFENSE:**
**(Lack of Knowledge, Intent, or Willfulness)**

Atmo's claims are barred, in whole or in part, because Defendants lacked the requisite knowledge, intent, or willfulness when allegedly engaging in the conduct described in the Complaint.

**TWENTY-SECOND DEFENSE:**
**(Against Public Policy)**

Atmo's claims are barred, in whole or in part, because they violate public policy.

**TWENTY-THIRD DEFENSE:**
**(Attorneys' Fees Improper)**

Atmo's claims for attorneys' fees are barred, in whole or in part, because Atmo fails to state a cause of action or set forth facts sufficient to support a claim for attorneys' fees.

**TWENTY-FOURTH DEFENSE:**
**(Acts of Others)**

Atmo's claims are barred, in whole or in part, because to the extent Atmo suffered an injury or incurred any damages, such injury or damages were caused and brought about by the

DEFENDANTS' ANSWER TO COMPLAINT        15        Case No.:  3:25-cv-05652-YGR

acts, conduct, or omissions of individuals or entities other than Defendants. As such, any recovery should be precluded or diminished in proportion to the amount of fault attributable to such other individuals or entities.

**TWENTY-FIFTH DEFENSE:**
**(Binding Arbitration)**

Atmo's claims against Mr. Mashita are barred in this forum because Atmo asserts he agreed to the Consultant Agreement, which requires the parties to resolve all disputes arising from or relating to that agreement in final and binding arbitration. Atmo acknowledges this obligation to arbitrate, because it initiated an arbitration against Mr. Mashita for the same claims asserted in the Complaint.

**DEMAND FOR JURY TRIAL**

Defendant Aeolus Labs, Inc. respectfully requests a jury trial on all issues so triable.

Dated:   July 30, 2025                         FENWICK & WEST LLP


                                               By: */s/ Tyler G. Newby*
                                                   Tyler G. Newby

                                               Attorneys for KOKI MASHITA and AEOLUS LABS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO COMPLAINT            16            Case No.: 3:25-cv-05652-YGR